[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Wayne Porcello appeals the decision of the defendant commissioner of motor vehicles suspending the plaintiff's motor vehicles operator's license. The commissioner acted pursuant to General Statutes § 14-227b
on the basis that the plaintiff refused to submit to a chemical test of the alcohol content of his blood after being arrested on a charge of operating a vehicle while under the influence of alcohol. The plaintiff appeals pursuant to § 4-183. The court finds the issues in favor of the defendant commissioner.
At the administrative hearing in this case, the police officer who had arrested the plaintiff on the drunk driving charge appeared in response to the plaintiff's subpoena and testified. The hearing officer also admitted in evidence that officer's written report. Although the subpoena commanded the officer to bring to the hearing "videotapes . . . created in connection with or in the course of the arrest of (the plaintiff)," the officer did not bring any tapes. The plaintiff did not testify or offer other evidence at the administrative hearing.
According to the police officer's testimony and report, he observed the plaintiff's vehicle a few minutes after midnight on September 26, 1996, on Route 190 in Somers, just west of the Enfield town line. The officer saw the vehicle swerve over the center line in violation of General Statutes § 14-235. He thereupon activated his CT Page 1979 wig wag lights and stopped the plaintiff's vehicle.
While the plaintiff was sitting in the vehicle, the officer smelled "a strong odor of alcohol." The plaintiff's eyes were "extremely glassy and blood shot." The plaintiff "spoke with a very thick tongue speech." The officer asked the plaintiff if he had been drinking, and the plaintiff responded "2 beers." When the plaintiff exited the vehicle, he swayed while walking. He told the officer that he had no physical handicap that would prevent him from performing some field sobriety tests.
The officer told the plaintiff that he wanted him to perform some sobriety tests. The plaintiff agreed to perform the horizontal gaze nystagmus test, which he failed, in the officer's opinion. The officer explained and demonstrated the "one legged stand" and "heel-to-toe" tests, but the plaintiff declined to perform those tests. The plaintiff then performed counting and alphabet tests, which he failed, in the officer's opinion.
Based on the facts set forth above, the officer determined that he had probable cause to arrest the plaintiff on the drunk driving charge and did so. The officer testified that, in determining probable cause, he took into account the plaintiff's refusal to perform the one leg stand and heel-to-toe tests along with all the other facts.
Following his determination of probable cause and while still at the scene by the roadside, the officer told the plaintiff that he was under arrest and advised him of his rights under the Miranda rule. He then transported him to the police station, where he again advised him of his Miranda rights.
According to the police, following his arrest, the plaintiff refused to submit to the breath test that they requested.
Following the administrative hearing, at which the evidence summarized above was adduced, the hearing officer rendered his final decision. The hearing officer found, as required by § 14-227b, inter alia, that the police had probable cause to arrest the plaintiff on the CT Page 1980 drunk driving charge. It is that finding which is the principal issue raised by the plaintiff in this appeal.
The plaintiff first claims that the statements he made to the police officer prior to his arrest were illegally used to determine probable cause. Specifically, he claims that those statements should have been disregarded because the police had not yet advised him of his Miranda rights. The plaintiff argues further that his refusal to perform two of the sobriety tests requested by the police officer was illegally used in the determination of probable cause. He contends that he had a constitutional right to refuse to cooperate in the investigation, and the refusal-should not have been used against him.
The plaintiff cites no specific Connecticut or federal case law authority in support of his argument that the police officer was prohibited from using the plaintiff's unwarned statements in determining that he had probable cause to arrest the plaintiff. In UnitedStates v. Morales, 788 F.2d 883, 886 (2d Cir. 1986), however, cited by the defendant commissioner, the court held as follows:
 Where, as here, there is no indication of trickery or coercion, there is no justification for requiring a police officer to ignore (unwarned) incriminating admissions in arriving at a conclusion that there is probable cause for an arrest.
The facts of that case and the court's holding fit the circumstances of this case perfectly, and this court considers that decision to be completely persuasive. The plaintiff's argument to the contrary may not be sustained.
The plaintiff's argument concerning his refusal to perform the sobriety tests is likewise infirm. In Statev. Lamme, 216 Conn. 172 (1990), our Supreme Court held that the results of a field sobriety test, performed during the course of a pre-arrest investigatory detention, may be used in the determination of probable cause for the subsequent arrest. Indeed, the court held CT Page 1981 that the test results were admissible at the trial. It follows that the plaintiff's conduct during the course of the testing procedure, including the refusal to perform certain of the tests, was a factor that the police could consider in the probable cause determination.
State v. White, 229 Conn. 125, cited by the plaintiff in support of his argument is of no avail. That case involved a criminal defendant's compulsory attendance at a line-up at a police station while he was being held in custody by the department of correction in lieu of posting bail. The crucial distinction, in the context of the person's constitutional rights, is that the plaintiff in the present case was being held under "a brief investigatory detention," as specifically authorized by State v. Lamme, supra, 216 Conn. 184.
The plaintiff's final argument is that he was denied due process by the hearing officer's failure to enforce the subpoena of the video tape or grant him a continuance of the hearing.
A basic principle of administrative law is that the scope of the court's review of an agency's decision is very limited. General Statutes § 4-183 (j) provides that "The court shall affirm the decision of the agency unless the court finds that substantial rights of the personappealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are . . . made upon unlawful procedure." (Emphasis added.) In order to obtain reversal of an agency's decision, -the plaintiff must demonstrate that he she it suffered "material prejudice as a result of this alleged procedural deficiency." Jutkowitz v. Department of Health Services,220 Conn. 86, 94 (1991).
In the present case, the plaintiff claims in essence that he was prejudiced by not having the videotape of his conduct at the police station because it might have persuaded the hearing officer that the police officer was wrong in concluding he had probable cause to arrest the plaintiff. The flaw in this argument is that the videotape, if one was in fact made, did not record the facts observed and considered by the police officer in determining probable cause. Such facts were those that CT Page 1982 the police officer had from the time he first observed the plaintiff's vehicle to the time of the arrest at the roadside. By the time the video in question could have been made, the plaintiff had already been arrested. Since the videotape could not have recorded the events that gave rise to the probable cause, the plaintiff was not materially prejudiced by the failure to present it at the hearing.
For all of the above reasons, the decision of the commissioner must be affirmed. The plaintiff's appeal is dismissed.
MALONEY, J.